IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY D. MADDEN,

    Petitioner,

v.

                             CASE NO. 2:06-cv-164

                             JUDGE SARGUS

ERNIE MOORE, Warden,            MAGISTRATE JUDGE ABEL

    Respondent.

## OPINION AND ORDER

On March 2, 2006, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). No objections were filed, and on March 29, 2006, final judgment was entered dismissing petitioner's habeas corpus petition. Doc. Nos. 6, 7. On that same date, petitioner filed a motion for reconsideration of his habeas corpus petition. Doc. No. 8. For the reasons that follow, petitioner's motion is **DENIED.**

Petitioner's motion may be considered pursuant to Rule 59 of the Federal Rules of Civil Procedure, *see Hood v. Hood*, 59 F.3d 40, 43 n.1 (1995); *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648 n.4 (2005), which provides:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one

> has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
>
> (b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
>
> (c) Time for Serving Affidavits. When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.
>
> (d) On Court's Initiative; Notice; Specifying Grounds. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.
>
> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

In his motion for reconsideration, petitioner asserts that equitable tolling of the statute of limitations is appropriate because his appellate counsel failed to provide him with a copy of trial transcripts in a timely manner, and "illegally" filed his appeal with the Ohio Supreme Court without petitioner's consent. *See Motion to Reconsider*. Petitioner states that he filed a disciplinary action against appellate counsel. He alleges that he

> was lead to believe that the DNA application that was filed would... stop the time for filing his habeas.

*Id.,* at 2. Finally, petitioner asserts that equitable tolling of the statute of limitations is appropriate

2

due to his *pro se* status, and because he is "illiterate and has only a third grade reading level." Petitioner's arguments are not persuasive.

"[P]etitioner bears the... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)(citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

3

There is no reason to conclude in this case that petitioner lacked notice or constructive knowledge of the one-year filing requirement in habeas corpus cases, nor would petitioner have been reasonable in remaining ignorant of the statute of limitations in habeas corpus cases, which has been in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218. The record fails to reflect that petitioner's lack of education prevented him from litigating his claims for the time period at issue.

> An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002) (holding that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations"). Therefore, petitioner's difficulties with reading or writing the English language do not entitle him to equitable tolling.

*Waters v. Renico*, unpublished, 2005 WL 1838625 (E.D. Michigan, July 29, 2005).

> [Y]outh, relative lack of education, and ... lack of legal knowlege are not ... extraordinary circumstances. *See, e.g., Montenegro v. United*

4

> *States*, 248 F.3d 585, 594 (7th Cir.2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir.2001). As the Seventh Circuit said recently in *Williams v. Sims*, 390 F.3d 958 (7th Cir.2004), even reasonable mistakes of law made by *pro se* litigants are not a basis for equitable tolling. *Id.* at 963. Otherwise, "statute of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have ... any lawyers." *Id.*

*Granberry v. Frank*, unpublished, 2005 WL 2465911 (E.D. Wisconsin, October 6, 2005). Here, petitioner was able to file a September 10, 2003, application to reopen his appeal pursuant to Ohio Appellate Rule 26(B), and a timely appeal of the appellate court's decision denying his 26(B) application to the Ohio Supreme Court despite his lack of education. His lack of education does not justify his waiting approximately nine months after the Ohio Supreme Court dismissed such appeal before filing the instant federal habeas corpus petition. Additionally, petitioner's allegation that his attorney failed to provide him with a copy of trial transcripts in time for him to file a timely 26(B) application in the state appellate court is not grounds for equitable tolling of the statute of limitations here.

> Generally, "a lawyer's mistake is not a valid basis for equitable tolling." *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir.2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir.2000) (attorney's misreading of AEDPA did not require equitable tolling). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen*, 37 Fed. Appx. at 120 (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999)).

5

*Jurado v. Burt, supra*, 337 F.3d at 644. Further, the record fails to reflect that petitioner exercised due diligence in pursing his claims. The Ohio Supreme Court dismissed petitioner's appeal on December 18, 2002. Petitioner pursued a delayed 26(B) application in the state courts from September 10, 2003, until January 15, 2004. Still, petitioner waited until November 17, 2005, to execute the instant habeas corpus petition. Finally, respondent certainly will suffer some prejudice, if only in terms of time and expense, if this Court were to equitably toll the statute of limitations in this case.

For all of the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's motion for reconsideration, Doc. No. 8, is **DENIED**.

**IT IS SO ORDERED.**

_____
EDMUND A. SARGUS, JR.
United States District Judge